**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DERRICK CLARK,

       Petitioner,

v.

ROY HENDRICKS, et al.,

       Respondents.

Civil No. 02-4148 (JAP)

**OPINION**

**APPEARANCES:**

    DERRICK CLARK, #149127c
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Petitioner pro se

    JOAN E. LOVE, Special Deputy Attorney General
    ESSEX COUNTY PROSECUTOR
    Essex County Courts Building
    Newark, New Jersey 07102
    Attorneys for Respondents

**PISANO, District Judge**

    Derrick Clark filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a). Respondents filed an Answer, arguing that the Petition should be dismissed on the merits. Petitioner filed a Traverse. For the reasons expressed below, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability. See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I. BACKGROUND

On December 10, 1991, a grand jury indicted Petitioner, along with three co-defendants, on 29 counts of criminal conduct occurring on August 10, 11, and 19, 1991. Prior to trial, counts 19 through 29, pertaining to August 19, 1991, were severed. At the conclusion of Petitioner's first trial on October 7, 1992, the jury acquitted him of possession of a .9 mm handgun, robbery of Otis Thrasher and Eric Steele, attempted murder of Eric Steele and Sanja Kothari, and purposeful and knowing murder of Otis Thrasher. The jury was unable to reach a verdict on counts 1, 2, 3, 4, 7, 8, 11, 14 and 17.

The first retrial on the outstanding counts was terminated when a mistrial was declared on an evidential issue. A second full trial occurred three months later and a mistrial was declared after the jury failed to reach a verdict. The Superior Court of New Jersey, Law Division, Essex County, thereafter denied Petitioner's motion to dismiss the outstanding counts. After a third full retrial was conducted, a jury convicted Petitioner on all counts, i.e., conspiracy to commit robbery, first degree robbery, receiving stolen property, unlawful possession of a .38 caliber handgun, unlawful possession of a .38 caliber handgun to use unlawfully against the person of another, and felony murder of Otis Thrasher in the course of committing a robbery. On January 20, 1994, the Law Division entered a judgment of conviction sentencing Petitioner to an aggregate 45-year term of incarceration, with a 35-year period of parole ineligibility.

Petitioner appealed, and in an opinion filed October 7, 1996, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and sentence. On March 24, 1997, the Supreme Court of New Jersey denied certification. New Jersey v. Clark, 149 N.J. 36 (1997) (table).

2

On July 30, 1997, Petitioner filed a pro se petition for post conviction relief in the Law Division. The Law Division denied relief in an order filed April 7, 2000. Petitioner appealed, and on October 24, 2001, the Appellate Division affirmed the order denying post conviction relief. The Supreme Court of New Jersey denied certification on April 29, 2002. New Jersey v. Clark, 172 N.J. 179 (2002) (table).

Petitioner executed the Petition which is now before the Court on August 20, 2002. The Clerk received it on August 23, 2002. The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). The Petition presents nine grounds.

The State filed an Answer seeking dismissal of the Petition because none of the grounds asserted satisfies the standard for habeas relief. Petitioner filed a Traverse.

## II. STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. See 28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of

3

a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[1] Nor may the Court recharacterize a ground asserted under state law into a federal constitutional claim.[2] "[E]rrors of state law cannot be repackaged as federal errors simply

---

[1] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[2] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10

(continued...)

4

by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits"[3] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2](...continued)
(3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[3] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir.2001)). A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever. Rompilla, 355 F.3d at 247.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, __, 124 S.Ct. 2140, 2147 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

### III. DISCUSSION

A. Claims

In Ground One Petitioner asserts that the trial judge's failure to dismiss the charges after two hung juries violated his right to due process of law. Specifically, Ground One states:

> Ground I: Petitioner's Third Retrial Was Barred As Violative Of the Principles of Fundamental Fairness and Denied Petitioner His Right to Due Process of Law.

(Pet. Addendum II, Ground I.) In his Traverse, Petitioner maintains that

> a fourth trial was inappropriate after two hung juries and a mistrial. Contrary to the State's claim, new evidence had not surfaced before the fourth trial which allowed the State to find three new witnesses. The State knew about these witnesses prior to petitioner's first trial.

(Traverse at 5.)

On direct review, the Appellate Division rejected this claim, finding that the trial judge had properly exercised his discretion under State v. Abbati, 99 N.J. 418 (1985), in allowing the third full retrial. See State v. Clark, No. A-3722-93T4 slip op. at 6 (App. Div. Oct. 7, 1996). In Abbati, the Supreme Court of New Jersey held that, even in the absence of a violation of the defendant's federal constitutional rights, a trial court has the inherent power under the New Jersey Constitution to dismiss an indictment with prejudice after a defendant has been twice tried for the same offense and each prosecution has ended in a mistrial due to a hung jury. Id. at 424-427.

Ground One is based on New Jersey law, as interpreted by the Supreme Court of New Jersey in Abbati. Although Petitioner contends that the trial court's failure to dismiss the indictment under Abbati violates due process, the Third Circuit has cautioned that "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Because Ground One asserts violation of New Jersey law, rather than clearly established federal law as determined by the United States Supreme Court, habeas relief is not warranted on Ground One.

In Ground Two, Petitioner challenges his conviction on the ground that the admission of evidence regarding a stolen blue Escort vehicle violated his right to a fair trial. Specifically, Petitioner asserts in Ground Two and the supporting facts as follows:

> Ground II:  The Admission Of Other Crimes Evidence Violated Petitioner's Right To A Fair trial.
>
> Supporting Facts:  During opening statements, the prosecutor informed the jury that three victims were shot in the course of the robbery for which petitioner was on trial. The prosecutor also informed the jury that petitioner had knowingly received a stolen Blue Ford Escort. However, petitioner had been found not guilty of the attempted murder of two of the victims at his first trial, and he was never charged with aggravated assault of any of these victims. Furthermore, petitioner was never indicted for stealing or being in possession of a stolen Blue Ford Escort, thus, this other crimes evidence deprived petitioner of his right to a fair trial.

(Pet. Addendum II, Ground II.)

In his Traverse, Petitioner states:

> With respect to ground two, the State alleges that the other crimes evidence of the stolen Blue Escort, which petitioner was never indicted for, was allowed to explain the context or setting of the case. The State explained the Blue Escort was used as a means of transportation to the Livingston Mall where the petitioner and his accomplices planned to steal a faster car. The car they stole, a Mustang, was left on a street in East Orange to be used later as a get-away car in a robbery . . . .  However, the evidence of the stolen Blue Escort did not explain the setting of the case. It is also clear that evidence of other crimes must be relevant for a purpose other than showing the character of disposition of the defendant . . . . Here, the evidence of the Blue Escort had no relevance and only served the purpose of showing the character and disposition of the petitioner.

(Traverse at 5-6.)

Petitioner cites two federal cases in support of Ground Two, i.e., United States v. Masters, 622 F.2d 83, 86 (4th Cir. 1980), and United States v. Benedetto, 571 F.2d 1246, 1248 (2nd Cir. 1978). These cases do not support Petitioner's claims because they do not involve constitutional violations. Rather, these cases turn on whether the admission of evidence in a federal criminal trial of other crimes, wrongs or bad acts violated the federal rules of evidence where defendant argued that the evidence was inadmissible because it improperly suggested a propensity to crime on his part.

Similarly, Ground Two asserts violation of State law of evidence and it is settled that "[a] federal habeas court . . . cannot decide whether the evidence in question was properly allowed under the state law of evidence." Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001); see also Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978) ("As to the contention that the trial court erred in admitting . . . testimony of a prior flirtatious conversation, we find that, if there was any error in the court's ruling on a discretionary matter, that error was at best one of interpretation of the state's law of evidence and did not arise to constitutional dimensions"). Moreover, Petitioner cites no Supreme Court case clearly establishing that the admission of "other bad acts" evidence constitutes a due process violation. See, e.g., Spencer v. Texas, 385 U.S. 554 (1967) (rejecting a due process challenge to a state rule admitting evidence of prior similar crimes). Because the New Jersey courts did not violate clearly established federal law as determined by the Supreme Court by admitting evidence of prior bad acts, Petitioner is not entitled to habeas relief under Ground Two.

In Ground Three, Petitioner contends that the trial court's failure to poll the jury violated due process. Specifically, Petitioner asserts:

>Ground III: The Trial Court's Failure To Properly Poll The Jury Violated Petitioner's Right To A Fair Trial And Due Process Of law.
>
>Supporting Facts: After the forelady announced the verdicts, a general poll was taken at the request of defense counsel. However, this general poll did not inform the court, the prosecutor or defense counsel whether or not any of the jurors had been forced, pressured or coerced in reaching the verdict they reached. Petitioner's position is that the way the trial court polled the jury violated his right to a fair trial and due process of law in that the jurors never stated whether they concurred with the forelady's guilty verdict on all counts, as announced by her.

(Pet. Addendum II, Ground III.)

In his Traverse, Petitioner argues that the "jury polling process was fatally flawed in that it only reiterated what the forelady had already announced . . . [and] what we do not know is whether or not any of the jurors were forced, pressured or coerced into rendering a verdict." (Traverse at 8.) Petitioner cites no Supreme Court cases in support of Ground Three, but relies on Hatcher v. Jackson, 853 F.2d 212 (3d Cir. 1988), State v. Smith, 27 N.J. 433, 456 (1958), and State v. Butler, 27 N.J. 560, 608-09 (1959).

The Third Circuit's ruling in Hatcher does not assist Petitioner. In that case, the Third Circuit reversed this Court's order granting a writ to a New Jersey petitioner. In granting the writ, this Court had reasoned that, because the juror's response to polling was confusing and raised sufficient doubt as to the meaning of her response, the trial court violated due process by failing to take remedial steps to eliminate any questions raised by the juror's failure to answer clearly. The Third Circuit held that the state courts' application of New Jersey court rules requiring a trial judge to seek clarification when there is doubt about a juror's vote, did not violate due process. See Hatcher v. Jackson, 853 F.2d 212. Furthermore, State v. Smith and

State v. Butler did not involve federal law. Rather, those cases involved the proper polling of the jury under New Jersey law. Because the propriety of the manner of polling the jury is a question of New Jersey law, habeas relief is not warranted under Ground Three.

In Ground Four, Petitioner seeks a writ of habeas corpus on the ground that the admission of hearsay evidence violated due process. Specifically, Petitioner asserts:

> Ground Four: The Improper Admission of Hearsay Evidence Violated Petitioner's Rights To A Fair Trial And Due process Of Law.
>
> Supporting Facts: During direct examination of Detective Gargas, the prosecutor elicited information that Gargas had obtain[ed] information that led to the arrest warrant of petitioner. The prosecutor also elicited other damaging hearsay information from Detective Gargas that implicated petitioner in this crime. However, none of the people Gargas said he received this information from testified at trial.

(Pet. Addendum II, Ground IV.)

As previously explained in regard to Ground Two, a "federal habeas court . . . cannot decide whether the evidence in question was properly allowed under the state law of evidence." Keller, 251 F.3d at 416 n.2. Petitioner is therefore not entitled to habeas relief under Ground Four.

In Ground Five, Petitioner claims that the failure to allow defense counsel to impeach a government witness regarding a prior conviction denied Petitioner a fair trial:

> Ground V: The Trial Court's Failure To Allow The Previous Conviction Of State's Witness For Purposes Of Cross-Examination, And Failure To Allow Further Inquiry In Order To Determine The Identity Of The Conviction Deprived Petitioner Of His Right To A Fair Trial.

> Supporting Facts: During the course of trial, evidence was presented that another assailant, Louis Adams, committed the crimes for which petitioner was on trial. To refute this claim, the state called Floyd Paige as a kind of alibi witness for Louis Adams. However, before Mr. Paige testified defense counsel had some concerns about the validity of a judgment of conviction reflecting the name of his twin brother, Loyd Paige. After Floyd Paige denied that the conviction belonged to him, defense counsel requested Mr. Paige's social security number in order to conduct a more depth search. However, th trial court denied defense counsel's request, thus, petitioner's right to cross-examination was limited.

(Pet. Addendum II, Ground V.)

The scope of cross examination and the propriety of a question regarding a remote conviction are questions of state law. See Keller v. Larkins, 251 F.3d 408, 416 n.2 (3d Cir. 2001). Because federal courts reviewing habeas claims cannot "reexamine state court determinations on state-law questions," Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), Petitioner is not entitled to habeas relief on Ground Five.

In Ground Six, Petitioner contends that cumulative errors violated due process:

> Ground VI: The Cumulative Effect of the Errors Denied Petitioner His Right to A Fair Trial And Due Process Of Law.
>
> Supporting Facts: The hearsay testimony given by Detective Gargas; the other crimes evidence of the stolen Blue Ford Escort, and the injuries sustained to three of the victims; the trial court's failure to give a limiting instruction concerning the other crimes evidence; the trial court's inadequate polling of the jury; the prosecutor's misconduct; and the trial court's limiting of petitioner's right to cross-examination cumulatively denied petitioner of his right to a fair trial, as well as his right to due process of law.

(Pet. Addendum II, Ground Six.)

Petitioner has cited no Supreme Court holdings regarding the cumulative error doctrine. Some federal courts of appeals have found that "[t]he cumulative error doctrine provides relief only when the constitutional errors committed in the state court trial so fatally infected the trial that they violated the trial's fundamental fairness." Jackson v. Johnson, 194 F.3d 641 at n. 59 (5th Cir.1999) (internal citation omitted). To the extent that this doctrine is applicable at all on habeas review, given the absence of Supreme Court precedent, Petitioner is not entitled to relief on Ground Six because his trial was not fatally infected with constitutional errors.

In Grounds Seven and Nine, Petitioner challenges jury instructions. In Ground Seven, he contends that "the trial court's erroneous and inadequate jury instructions on accomplice liability violated Petitioner's right to due process of law." (Pet. Addendum II, Ground Seven.) Similarly, in Ground Nine, Petitioner argues that he was "denied his right to due process when the trial court failed to charge a theft offense." (Id., Ground Nine.) Petitioner raised these claims on post conviction relief and the Appellate Division rejected them.

A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions" or demonstrate that the "instructions deprived him of a defense which federal law provided to him." Johnson, 117 F.3d at 110; see also Cupp v. Naughten, 414 U.S. 141, 146 (1973). Habeas courts do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it." Id. Habeas relief is not warranted for Grounds Seven and Nine because Petitioner has not shown that the alleged errors violated clearly established Supreme Court

precedent. See Scherzer v. Ortiz, 111 Fed. Appx. 78, 88 (3d Cir. 2004) (challenge to instructions on accomplice liability is question of state law that is not cognizable under § 2254).

In Ground Eight, Petitioner challenges his conviction on the ground that he was "denied effective assistance of counsel guaranteed him by the 6th Amendment of the United States Constitution." (Pet. Addendum II, Ground Eight.) He argues that trial counsel was ineffective in failing to object to the testimony concerning the blue Escort and another stolen vehicle; and counsel was ineffective for failing to object to the inadequate jury instruction on accomplice liability.

Petitioner also faults his attorney's pretrial investigation and the failure to call certain defense witnesses. He contends that trial counsel should have called a sergeant from the Essex County Jail to rebut the testimony of co-defendant Marcus Anthony; he should have called a social worker at the Essex County Youth Facility to rebut the testimony of the investigating officer that petitioner confessed in front of the social worker; and he should have called Petitioner's mother and father to rebut the testimony that Petitioner turned himself in because he felt a sense of guilt. Finally, Petitioner asserts that defense counsel "should have put petitioner on the stand to rebut the allegation of Mr. Anthony that petitioner was involved in this crime." (Pet. Ground Eight, Supporting Facts.)

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. Strickland v. Washington, 466 U.S. 668, 686 (1984).

14

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. <u>Strickland</u>, 466 U.S. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." <u>Id</u>. at 687-88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." <u>Id</u>. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. <u>Id</u>. To satisfy the second prong, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." <u>Id</u>. at 695.

In this case, the Appellate Division considered Petitioner's ineffective assistance of counsel claims when affirming the order denying post conviction relief. The Appellate Division ruled that its "review of the record satisfies us that the allegations of derelictions of counsel are without merit; defendant has made no showing of a constitutional deprivation or anything close to any conduct of counsel that could reasonably have affected the outcome of the final trial or undermined confidence in the verdict." <u>State v. Clark</u>, No. A-6187-99T4 slip op. at 3-4 (App. Div. Oct. 24, 2001).

Since the adequacy of the jury instructions and the admission of the testimony concerning the stolen vehicles were questions of state law, Petitioner's attorney cannot have been ineffective for failing to object to evidence that was admissible under state law and instructions that were appropriate under state law. See <u>Carpenter v. Vaughn</u>, 296 F.3d 138, 153 (3d Cir. 2002) ("We cannot review this decision on a question of state law, and this holding dooms Carpenter's

15

ineffective assistance claim, since his attorney cannot have been ineffective for failing to request an instruction that was unavailable"). The Appellate Division found that Petitioner made no showing of a constitutional deprivation or anything close to any conduct of counsel that could reasonably have affected the outcome of the final trial. Petitioner is not entitled to habeas relief based on ineffective assistance of counsel because the New Jersey courts' adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of Strickland or other Supreme Court holdings.

B. Certificate of Appealability

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).

_____
JOEL A. PISANO, U.S.D.J.

DATED: _____October 24_____, 2005

16